UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

              v.                                     DECISION AND ORDER
                                                    07-CR-212

TERESA FUNG,

                          Defendant.

---

Before the Court is a motion by defendant Teresa Fung ("defendant"), brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure and Section 3664 of Title 18 of the United States Code, which seeks modification of defendant's sentencing with respect to restitution requirements. For the following reasons, defendant's motion to modify her sentence is granted.

On September 11, 2007, defendant, along with 22 others, was charged with conspiracy to traffic in counterfeit goods in violation of Sections 371 and 2320 of Title 18 of the United States Code. Defendant pled guilty to the first count of the indictment on April 28, 2008. On October 15, 2010, this Court sentenced defendant to one year probation. She was also directed to pay $655,360.00 in joint and several restitution to the victim in this case, Nike, Inc. ("Nike"). Defendant was directed to pay restitution in monthly installments in an


amount equal to 10% of her gross income.[1]

Throughout her period of probation and continuing to the present time, defendant has made the required monthly restitution payments of $160 per month. The Government agreed to continue accepting the payments of $160 per month, until the restitution was paid in full, without enforcing any other obligations with respect to defendant.

According to an affidavit filed by defense counsel, defendant and Nike engaged in discussions regarding settlement of defendant's restitution. An agreement was reached, and Nike agreed to accept a lump sum payment from defendant in satisfaction of both her restitution obligation and also any civil liability defendant may have to Nike arising from any alleged trademark infringement. Defendant notified the Government of the agreement. On August 1, 2013, defendant filed the instant motion asking that this Court modify defendant's restitution terms and releasing any lien on defendant's real property. On August 15, 2013, the Government submitted a response stating that since the

---

[1] The following is the specific restitution order of the Court at the time of defendant's sentencing: "Pursuant to 18 U.S.C. Section 3663A, it is ordered that the defendant make restitution to the victim in the amount of $655,360.00; the restitution is due immediately; interest on the restitution is waived; restitution will be joint and several with Cortez Waters in the amount of $234,800.00, Victor Salidivar-Ruiz in the amount of $266,260.00, Adlene Fenti in the amount of $266,260.00, and any other defendant(s) convicted in this case or any related case who share the same victims(s) and losses. After considering the factors set forth in 18 U.S.C. Section 3664(f)(2), while on probation, the defendant shall make monthly payments at the rate of 10% of gross monthly income."

victim was satisfied with defendant's offer of compromise regrading restitution, the Government did not oppose defendant's request to modify the restitution order.

Section 3664 of Title 18 of the United States Code sets forth the procedures for issuance and enforcement of orders of restitution. Section 3664(k) states, in pertinent part, that:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might effect the defendant's ability to pay restitution...The Attorney General shall certify to the court that the victim...owed restitution by the defendant ha[s] been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."

18 U.S.C. §3664(k).

Here, defendant's agreement to provide Nike a lump sum payment in fulfillment of her remaining restitution obligation constitutes a change in economic circumstances which would justify modification of the Court's prior restitution order. The Government has no opposition to the agreement, and it appears that the victim is satisfied with accepting the lump sum set forth in the agreement, rather than collecting monthly installments over a number of years.

Thus, this Court hereby modifies its prior restitution order as to defendant Fung, issued on October 15, 2010. Pursuant to Section 3663A of Title 18 of the United States Code, defendant Fung is ordered to pay to the victim, in

satisfaction of all restitution, the amount specifically set forth in the agreement between defendant and Nike.[2] Payment shall be made in accordance with the terms set forth in the parties' agreement. The Court further orders that any liens on defendant's real property shall be released.

SO ORDERED.

*[signature]*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 19, 2013

---

[2] The agreement is referenced specifically in the papers filed by defendant and the Government. Defense counsel indicates that the victim has requested that the details of the amount of the settlement remain confidential, and therefore this Court does not reference the specific amount in this order.